**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TODD AUGENBAUM, <br><br>　　　　　　　　　　Plaintiff, <br><br>　　　vs. <br><br> NEW AGE BEVERAGES CORPORATION, <br><br>　　　　　　　　　　Defendant. | Case No.: <br><br> **COMPLAINT** |

Plaintiff Todd Augenbaum ("Plaintiff"), by his undersigned attorneys, alleges, based upon personal knowledge as to himself and his own acts and on information and belief as to all other matters which is based upon filings made by New Age Beverages Corporation ("New Age Beverages" or the "Company") with the U.S. Securities and Exchange Commission ("SEC"), as follows:

## NATURE OF THE ACTION

1. On April 16, 2019, New Age Beverages filed with the SEC and furnished to the Company's shareholders a definitive proxy statement (the "Proxy Statement" or "Solicitation") with respect to an annual meeting (the "Annual Meeting') scheduled to take place on May 30, 2019. A true and correct copy of the Solicitation is attached hereto as Exhibit 1. The fourth proposal ("Proposal 4") contained in the Proxy Statement seeks shareholder action, by way of a vote, to approve the New Age Beverages Corporation 2019 Equity Incentive Plan (the "2019 Plan" or the "Plan").

2. The proxy rules issued by the SEC "have the force and effect of law." *Batterton v. Francis*, 432 U.S. 416, 425 n.9 (1977). However, in seeking shareholder approval of Proposal 4, as alleged in greater detail below, the Company failed to comply with the disclosure requirements

of Schedule 14A promulgated under the Securities Exchange Act of 1934 (the "Exchange Act"), 17 C.F.R. § 240.14a-101 ("Schedule 14A"), which governs proxy solicitation. Specifically, Item 10(a)(1) of Schedule 14A requires, *inter alia*, that "[i]f action is to be taken with respect to any [compensation] plan pursuant to which cash or noncash compensation may be paid or distributed[,]" certain further information must be furnished. Additionally, Item 10(b)(2)(i) of Schedule 14A requires that "[w]ith respect to … any plan containing options, warrants or rights submitted for security holder action[,]" certain further information must be stated. The Plan "allows for various types of equity-based compensation, including . . . incentive stock options, non-qualified stock options, stock appreciation rights, [and] dividend equivalent rights[.]"

3. Proposal 4 of the Proxy Statement does not comply with the SEC's disclosure requirements for proxy statements, codified at Items 10(a)(1) and 10(b)(2)(i) of Schedule 14A. Accordingly, Plaintiff, a New Age Beverages shareholder whose vote is being solicited through the Proxy Statement, is bringing this direct action under Section 14(a) of the Exchange Act, 15 U.S.C. § 78n(a), and the rules and regulations of the SEC to enjoin a vote by the Company's shareholders on Proposal 4 until the defects in the Solicitation are cured.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to Section 27(a) of the Exchange Act, 15 U.S.C. § 78aa(a).

5. In connection with the acts, omissions, conduct and wrongs alleged herein, Defendant used the mails and the means or instrumentalities of interstate commerce.

6. Venue is proper in this District because, as allowed under Section 27(a) of the Exchange Act, this District is where the violation at issue occurred as numerous Solicitations, including a solicitation to the Plaintiff, were or will be mailed to New Age Beverages shareholders

residing in this District. New Age Beverages also trades on the NASDAQ, which is based in New York.

## **PARTIES**

7. Plaintiff, a New Age Beverages shareholder as of April 12, 2019 (the "Record Date"), is entitled to notice of, to participate in, and to vote at the Annual Meeting.

8. New Age Beverages engages in the development, marketing, sales, and distribution of beverages. The Company's common stock trades on the NASDAQ under the ticker "NBEV" and as of the Record Date there were 75,392,742 shares of common stock outstanding and entitled to vote at the Annual Meeting.

## **WRONGFUL ACTS AND OMISSIONS**

9. New Age Beverages has scheduled its Annual Meeting for May 30, 2019, and the Record Date to vote on the proposals in the Solicitation as April 12, 2019.

10. New Age Beverages's board of directors (the "Board") recommends that its shareholders vote "'**FOR**' approval of the New Age Beverages Corporation 2019 Equity Incentive Plan." (emphasis in original).

11. Appendix B to the Solicitation, which in the governing document for the Plan, states that "[t]he purposes of the Plan are to (a) enable New Age Beverages Corporation, a Washington corporation (the '**Company'**), to attract and retain the types of Employees, Consultants and Directors who will contribute to the Company's long range success; (b) provide incentives that align the interests of Employees, Consultants and Directors with those of the shareholders of the Company; and (c) promote the success of the Company's business."

12. The Solicitation states that Proposal 4 is recommended, in part, because

> The 2019 Plan was approved by the Board in April 2019. The 2019 Plan will terminate on the tenth anniversary of the date of approval by the Board, unless earlier terminated by the Board, provided that,

3

>if the Company does not obtain the stockholder approval within one year from the date the 2019 Plan was approved by the Board, the 2019 Plan will be immediately unwound and any outstanding options granted thereunder prior to obtaining the requisite stockholder approval will be immediately cancelled.
>
>The purposes of the 2019 Plan are to (a) enable the Company to attract and retain the types of employees, consultants and directors who will contribute to the Company's long range success; (b) provide incentives that align the interests of employees, consultants and directors with those of the shareholders of the Company; and (c) promote the success of the Company's business.
>
>The maximum number of shares of common stock that may be issued under the 2019 Plan will be 10,000,000. In the event of a stock dividend, stock split or other change in our capital structure, the Administrator will make appropriate adjustments to the limits described above and will also make appropriate adjustments to the number and kind of shares of stock or securities subject to awards, any exercise prices relating to awards and any other provisions of awards affected by the change. The Administrator may also make similar adjustments to take into account other distributions to stockholders or any other event, if the Administrator determines that adjustments are appropriate to avoid distortion in the operation of the 2019 Plan and to preserve the value of awards.
>
>*Administration*. The Board of Directors (or a Board committee appointed by the Board) administers the 2019 Plan. The term "Administrator" is used in this proxy statement to refer to the person (the Board and its delegates) charged with administering the 2019 Plan. The Administrator has full authority to determine who will receive awards and to determine the types of awards to be granted as well as the amounts, terms, and conditions of any awards. Awards may be in the form of options, restricted stock, or restricted stock units. The Administrator has the right to determine any questions that may arise regarding the interpretation and application of the provisions of the 2019 Plan and to make, administer, and interpret such rules and regulations as it deems necessary or advisable. Determinations of the Administrator made under the 2019 Plan are conclusive and bind all parties, unless such decisions are determined by a court having jurisdiction to be arbitrary and capricious.

13. Proposal 4 fails to provide legally required information because it fails to provide in the Proxy Statement sufficient information for New Age Beverages stockholders to understand

4

how many participants are eligible to participate in the Plan despite the fact that Item 10(a)(1) requires that:

> If action is to be taken with respect to any plan pursuant to which cash or noncash compensation may be paid or distributed, furnish the following information:
>
> **(a)** *Plans subject to security holder action.*
>
> **(1)** Describe briefly the material features of the plan being acted upon, identify each class of persons who will be eligible to participate therein, indicate the approximate number of persons in each such class, and state the basis of such participation.

14. Instead of providing the "approximate number of persons in each such class" as required by Item 10(a)(1), Proposal 4 tells New Age Beverages's stockholders the following about who may receive these awards:

> *Eligibility*. Participation is limited to employees, non-employee directors, as well as consultants who are selected by the Administrator to receive an award.

15. The above excerpt merely states categories of persons, but fails to state or explain how many persons are in each of those categories.

16. Proposal 4 fails to provide any information regarding how many participants may be awarded the compensation from the Plan that stockholders are being asked to approve. The Solicitation also omits the basis of their participation in the Plan.

17. As a result of the above defects, the Solicitation does not identify each class of persons who will be eligible to participate in the Plan and identify how many participants may be awarded the additional 10,000,000 shares of New Age Beverages stock (worth approximately $51.5 million) that stockholders are being asked to approve.

18. The Solicitation also fails to comply with Item 10(b)(2)(i) of Schedule 14A, which requires that:

5

>With respect to any specific grant of or any plan containing options, warrants or rights submitted for security holder action, state:
>
>(A) The title and amount of securities underlying such options, warrants or rights;
>
>(B) The prices, expiration dates and other material conditions upon which the options, warrants or rights may be exercised;
>
>(C) The consideration received or to be received by the registrant or subsidiary for the granting or extension of the options, warrants or rights;
>
>(D) The market value of the securities underlying the options, warrants, or rights as of the latest practicable date; and
>
>(E) In the case of options, the federal income tax consequences of the issuance and exercise of such options to the recipient and the registrant[.]

19. Because the Plan allows for the granting of stock options and rights, the Company must disclose, *inter alia*, and in the Solicitation, "[t]he market value of the securities underlying the options, warrants, or rights as of the latest practicable date[.]" That number is also not included in the Solicitation.

20. The preceding paragraphs state a direct claim for relief against New Age Beverages under Section 14(a) for acting in contravention of the rules and regulations prescribed by the SEC.

21. As a result of these actions, Plaintiff will be injured. Plaintiff has no adequate remedy at law. He will suffer irreparable harm if no action is taken to prevent this harm because, in addition to being forced to vote without this information, the Plan allows for the issuance of 10,000,000 shares of common stock to be granted to an unknown number of persons who qualify as eligible on unknown bases.

22. If these defects are not cured, it is necessary for the Court to take action to enjoin the vote on Proposal 4 beforehand to prevent shares from being distributed to participants based

on an uninformed vote that lacks proper and informed shareholder approval because unwinding awards following the Annual Meeting would be impracticable.

23. To prevent injury, injunctive relief is required in the form of the Court ordering that a supplemental proxy statement that complies with Schedule 14A, Items 10(a)(1) and 10(b)(2)(i), and which is timely furnished to shareholders.

24. New Age Beverages should be enjoined from presenting Proposal 4 for a stockholder vote at the Annual Meeting or certifying or otherwise accepting any vote cast in connection with Proposal 4 unless the appropriate disclosures are timely furnished.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor, and against New Age Beverages, as follows:

(A) A preliminary and permanent injunction, enjoining New Age Beverages from:

    i. certifying or otherwise accepting any vote cast, by proxy or in person, in connection with Proposal 4 unless a supplemental proxy statement that complies with 17 C.F.R. § 240.14a-101, Items 10(a)(1) and 10(b)(2)(i) is timely furnished to shareholders; and

    ii. presenting Proposal 4 for a shareholder vote at the Annual Meeting unless a supplemental proxy statement that complies with 17 C.F.R. § 240.14a-101, Items 10(a)(1) and 10(b)(2)(i) is timely furnished to shareholders;

(B) A preliminary and permanent injunction requiring New Age Beverages to furnish a supplemental proxy statement with the information required by 17 C.F.R. § 240.14a-101, Items 10(a)(1) and 10(b)(2)(i) that is cured of material disclosure defects pursuant to Section 14(a) of the Exchange Act;

  (C) Awarding Plaintiff reasonable attorney's fees and expenses incurred in bringing this action and in creating a benefit for all of New Age Beverages's shareholders to the extent that a common benefit is conferred, and;

  (D) Granting such other and further relief as this Court may deem just and proper.

Dated: May 2, 2019          **ABRAHAM, FRUCHTER & TWERSKY, LLP**

                /s/ Michael J. Klein
                Michael J. Klein
                One Penn Plaza, Suite 2805
                New York, NY 10119
                Tel: (212) 279-5050
                Fax: (212) 279-3655
                mklein@aftlaw.com

                **Attorneys for Plaintiff**